Abel Acosta
Clerk ORIGINAL **200-15** April 9, 2015

Supreme Court Bldg.
201 W. 14th St., Rm. 106
P.O. Box 12308
Austin, Texas 78711/2308

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 13 2015

Abel Acosta, Clerk

Sir:

please find enclosed my pro se Petition for Discretionary Review, 26 pages along with this cover letter. Please file and bring to the attention of the Court.

Please date-stamp this letter and return it to me at my address shown below.

I am in unit lockdown and unable to go to mailbox personally, so I must wait until someone picks up mail the next day.

Your help and consideration is appreciated. Thank you.

FILED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

Respectfully,

O. D. Van Duren
O. D. Van Duren
Appellant Pro Se
1834715
Ramsey
1100 F.M. 655
Rosharon, Texas 77583-7620

# Table Of Contents

Identity Of Parties                                    page   1

Statement Regarding Oral Argument                             1

Statement Of the Case                                        2

Statement Of Procedural History                              2

Questions Presented For Review                             2 - 3

   1. Waiver Of Counsel                       3 - 4

   2. Void Indictment                         4 - 12

   3. Void Sentence                           12 - 15

   4. Pre-trial Habeas Corpus                 15 - 19

   5. Jury Charge                             19 - 21

   6. Speedy Trial                            21 - 22

   7. Trial Records                           22 - 23

   8. Ineffective Assistance Of Counsel       23 - 25

Prayer For Relief                                            25

Opinion of First Court Of Appeals   (unable to provide copies)

No. 0200-15

In The

Court Of Criminal Appeals

Austin, Texas

O.D. VanDuren

v.

State Of Texas

From Appeal No. 01-13-00103-CR
Trial Cause No. 1307615
Harris County

## Identity Of Parties

Judge Ruben Guerrero
174th District Court
Harris County
Trial Judge

Mark Lipkin - Trial Counsel
5535 F Memorial Dr. Ste. 710
00794175 Bar Number
(713) 802-9488
Houston, Texas
And Holly Sheffield

Devon Anderson - District Attorney of Harris County
Kevin Keating - Assistant District Attorney on Appeal
Claire Morneau and Gretchen Flader - Assistant District Attorneys at trial
O.D. VanDuren - On Appeal Pro Se
First Court Of Appeal - Justices Higley; Justice Bland And Justice Sharp.

## Statement Regarding Oral Argument

Should this Honorable Court Of Criminal Appeals decide to appoint counsel to argue the merits, this case presents Golden Rule interpretation of case law and statutes.

# Statement of the Case

Appellant was arrested on felony Driving While Intoxicated warrant on August 2, 2011 by Harris County Sheriff Department and held on no bond. Appellant was indicted as habitual offender using prior felony convictions and a 1985 misdemeanor conviction and 2007 misdemeanor DWI convictions as jurisdictional enhancements. Appellant filed numerous pretrial motions, and writs seeking relief. Appellant was sentenced to 30 years confinement after trial and appealed. Appellant proceeded on Appeal Pro Se.

# Statement Of Procedural History

1. Judgment Affirmed on October 30, 2014.
2. Motion For Rehearing filed on November 19, 2014.
3. Motion For Rehearing was denied January 13, 2015.

# Questions Presented For Review

1. Waiver Of Counsel - pages 8-13 treat a hearing for defendant to testify in open court as a hearing on a Waiver Of Counsel.

2. Void Indictment - use of prior misdemeanor conviction not authorized by statute under which prosecution as felony is based.

3. Void Sentence - whether a sentence can exceed the statutory maximum.

4. Pretrial Habeas Corpus - does a defendant have a pretrial right to habeas corpus hearing.

5. Jury Charge - did the defendant have a constitutional right to a correct jury charge at the guilt/innocence and punishment phase to define the correct wording of statutes applicable in the prosecution.

6. Speedy Trial - did defendant consistently assert his right to speedy trial.

7. Trial Records - does Appellant have a protected right to complete trial records and right to supplement.

8. Ineffective Assistance Of Counsel - was counsel's performance far

from Advocate for defense to egregious behavior.

9. Whether Appellant could raise issues 3,4,5,7,8,9,10,12,17,18 and 19 on appeal, of his brief as issues presented on appeal

## Argument

Waiver Of Counsel - the First Court of Appeals has decided this important question of State and Federal law in a way that conflicts with the applicable decisions of the Court Of Criminal Appeals and the Supreme Court Of the United States, to wit:

the hearing here is one after the jury panel has been selected and trial counsel tells the court that he's tried to get the defendant to testify, please read transcripts of trial. At no time was defendant asked about his Waiver Of Counsel, there is no language to lead to a question on waiver, and defendant at no time communicated with the court on a waiver. The defendant must be aware of the consequences of a decision to waive his right to counsel, Patterson v. Illinois, 487 U.S. 285, 293 (1988).

When a defendant elects to represent him/herself in a criminal matter, the presiding court must determine whether the defendant understands the dangers of self-representation and has entered a voluntary waiver of his/her right to counsel, Faretta v. California, 422 U.S. 806, 95 S.Ct. 2325 (1975). It is error for the court to force the defendant to accept legal representation at trial if the defendant is capable of making a valid waiver of the right to counsel. Faretta, 422 U.S. at 835 and Lyles v. Estelle, 658 F. 2d 1015 (5th Cir. 1981). A valid waiver consists of admonishment, voluntary, knowing and intelligent, and proper court inquiry.

Citing Williams v. State, 252 S.W. 3d 353, 355-59 (Tex. Crim.App. 2008); Criminal Law Key 1774(2) - Once a defendant has asserted his right to self representation, the trial judge must inform the defendant about the dangers and disadvantages of self-representation, so that the record will establish

that he knows what he is doing and his choice is made with eyes open. U.S.C.A. Const. Amend. 6.

Criminal Law Key 1774(2) - When advising a Defendant about the dangers and disadvantages of self representation, the trial judge must inform the Defendant that there are technical rules of evidence and procedure, and he will not be granted any special consideration solely because he asserted his pro se rights. U.S.C.A. Const. Amend. 6.

Criminal Law Key 1775 - The trial judge is responsible for determining whether a Defendant's waiver of the right to counsel is knowing, intelligent, and voluntary. U.S.C.A. Amend. 6.

Here in this case the defendant filed numerous motions to dismis counsel up to and on the first day he dressed for trial. The waiver of counsel was prepared well in advance and presented to counsel for a hearing. The trial judge told counsel that I was not entitled to have any motions heard please see the trial transcripts.

2. Void Indictment - Appellant was arrested on felony warrant for the felony offense of D.W.I. A 1985 conviction was used a jurisdictional enhancement pursuant to Sec. 49.09 of the Penal Code, in violation of Sec. 49.09(d) which clearly states for the purposes of this section a conviction prosecution under this section occurs on or after September 1, 1994. Citing Statutes Key 212.1 - Court presumes that legislatures act with case law in mind. Here the First Court Of Appeals states that Sec. 49.09(c) applies. A direct contradion of the statute which cleary speaks to define the offense, what type of offense and a date that the offense can be used, Sec. 49.09(d). Defendant had filed numerous pro se motions to qaush and a pretrial Habeas Corpus. The First Court Of Appeals has decided an important question of state law that has not been, but should be, settled by the Court Of Criminal Appeals, has decided an



importation question of state law in a way that conflicts with the applicable decisions of the Court Of Criminal Appeals or the Supreme Court Of the United States and appears by it's interpretation to have misconstrued a statute, rule, and ordinance of Sec. 49.09 (b) and the Texas Government Code. Citing:

Statutes Key 188 - Tex. App. -Houston [14th Dist.] 1992. Courts may not enlarge or alter plain meaning of statutory language. State v. Lima, 825 S.W. 2d 733.

Statutes Key 189 - Tex. App. -Houston [14th Dist.] 1992. When words of statute are clear, statute must be given its literal interpretation. State v. Lima, 825 S.W. 2d 733.

Statues Key 190 - Tex. App. - Austin 1992. Unless statute is ambiguous, Courts must follow its clear language and seek intent of legislature as found in plain and common meaning of words and terms used. Chapman v. Paul R. Wilson, Jr. D.D.S., Inc. 826 S.W. 2d 214.

Tex. App. -Houston, [14th Dist.] 1992. When statute is clear and unambiguous, Court Of Appeals will not strain that plain meaning of the wording in order to give statute a "desirable" reading. State v. Lima, 825 S.W. 2d 733.

Statutes Key 214. Tex. App. - Texarkana 1992. Court must construe statute as written and, if possible, ascertain its intention from language used therein and not look for extraneous matters to be used as basis for reading into statute intention not expressed or intended to be expressed therein. V. T. C. A., Government Code § 312.002. Smith v. Brooks, 825 S.W. 2d 208.

Crim. Law Key 1042. Without having objected to the indictment, a convicted defendant may raise, for the first time on appeal that his punishment is outside the statutory range for the crime for which he is convicted. Carter v. State, 196 S.W. 3d 406 (Tex. App. - Beaumont 2006).

Sentence and Punishment Key 34. A sentence cannot exceed the

MAXIMUM statutory penalty, and if it does so, the sentence is void. Carter v. State, 196 S.W.3d 406 (Tex.App.-Beaumont 2006).

Constitutional Law Key 258(2). The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not permit arbitrary and disciminatory enforcement, in order with due process. U.S.C.A. Const. Amend. 14.

Constitutional Law Key 70.1(2). Tex.Crim.App. 2006. The seminal rule of statutory construction is to presume that the legislature meant what it said; in adhering to this rule, courts show their respect for the legislature and recognize that it enacted into law something different from what it intended, it would amend the statute to conform to its intent. - State v. Vasilas, 187 S.W.3d 486. Statutes Key 176, Statutes Key 181(1), 188, Const. Law Key 70.1(2), Statutes Key 212.7.

Constitutional Law Key 70.3(1). Tex.Crim.App. 2005. It is not the place of judges within the judiciary to construe a statute based on their notions of what is rational or what makes good common sense. Seals v. State, 187 S.W. 3d 417, on remand 2006 WL 745757.

Crim. Law Key 1147. Tex.App.-Houston [1 Dist.] 2005. Trial court abuses its discretion when the trial court's decision is arbitrary or unreasonable; the question is whether the trial court acted without reference to any guiding rules or principles. State v. Fury, 186 S.W.3d 67, petition for discretionary review refused.

Tex. App.-Corpus Christi 2006. An "Abuse of discretion" occurs when the trial court acts arbitrarily or unreasonably without reference to any guiding rules or principles; in other words, an abuse of discretion occurs only when the trial court's decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree. Yanez v. State, 187 S.W. 3d 724.

Tex. App.-Houston [14 Dist.] 2006. A trial court abuses its

discretion when its decision lies outside of the zone of reasonable disagreement. Ganther v. State, 187 S.W. 3d 641.

Crim. Law. Key 1149, Tex. App. - Houston [14 Dist.] 2006. The Court Of Appeals reviews a trial court's ruling on a motion to quash an indictment for abuse of discretion. State v. Flournoy, 187 S.W. 3d 621.

Sentence And Punishment 34. Tex. App. - Houston [1 Dist.] 2005. A sentence that is void is not within the statutory punishment range for an offense is void, and thus no objection is required to preserve error on appeal. Seeker v. State, 186 S.W. 3d, petition for discretionary review refused.

Sentence And Punishment Key 2254. Tex. App. - Waco 2006. A trial or appellate court that otherwise has jurisdiction may always notice and correct an illegal sentence. Gonzalez v. State, 187 S.W. 3d 166.

Statute Key 176. Tex. App. - Texarkana 2006. Statutory interpretation is a question of law to be determined by the trial court, not the jury. Hardy v. State, 187 S.W. 3d 232, petition for discretionary review refused.

Statute Key 181 (1). Tex. 2006. When interpreting a statutory provision, a court must ascertain and effectuate the legislative intent. V.T.C.A., Government code §§ 311.011, 311.021, 311.023, 312.005. - In re M.C.C., 187 S.W. 3d 383.

Tex. Crim. App. 2006. Courts must begin with the plain language of a statute in order to discern its meaning; this is because the court's interpretation of statutes must seek to effectuate the collective intent or purpose of the legislators who enacted the legislation. State v. Vasilas, 187 S.W. 3d 486.

Tex. Crim. App. 2005. When the Court Of Criminal Appeals interprets a statute, it seeks to effectuate the collective intent or purpose of the legislators who enacted the legislation. Seals v. State, 187 S.W. 3d 417, on remand 2006 W.L 745757; see also Statutes Key 184.

Tex. Crim. App. 2005. When courts interpret a statute, they try to give effect to the collective intent or purpose of the legislature. Ex parte Ervin,



187 S.W.3d 386; see also Statutes Key 184.

Statutes Key 181(2). Tex. App. - Ft. Worth 2005. Courts should not adopt a construction that would render a law or provision meaningless. Ulico Cas. Co. v. Allied Pilots Ass'n, 187 S.W.3d 91, rehearing overruled.

Statutes Key 188. Tex. App. - Ft. Worth 2005. When a statute is clear and unambiguous, courts should give the statute its common meaning. Ulico Cas. Co. v. Allied Pilots Ass'n, 187 S.W.3d 91, rehearing overruled. When language in a statute is unambiguous, courts will seek the intent of the legislature as found in the plain and common meaning of the words and terms used. - Id.

Statutes Key 189. Tex. Crim. App. 2005. Court of Criminal Appeals must interpret an unambiguous statute literally, unless doing so would lead to an absurd result that the legislature could not possibly have intended. Seals v. State, 187 S.W.3d 417, on remand 2006 WL 745757.

Tex. Crim. App. 2005. Courts interpret a statute according to the literal meaning of the words in the statute, unless doing so would lead to an absurd result that the legislature could not have intended. Ex parte Ervin, 187 S.W.3d 386.

Tex. Crim. App. 2005. Where the statute is clear and unambiguous, the legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute. Seals v. State, 187 S.W.3d 417, on remand 2006 WL 745757.

Tex. App. - Ft. Worth 2005. Courts do not need to resort to rules of construction or extrinsic aids to construe a statute that is clear and unambiguous. Ulico Cas. Co. v. Allied Pilots Ass'n, 187 S.W.3d 91, rehearing overruled.

Statutes Key 192. Tex. App. - Houston [14th Dist.] 2006. When interpreting a statute, a court must construe word and phrases according to the rules of grammar and common usage unless they have acquired a technical or particular meaning. Johnson v. State, 187 S.W.3d 591, petition for discretionary review refused; see also Statutes Key 200.



9.

Statutes Key 206. Tex. Crim. App. 2005. Court Of Criminal Appeals endeavors to give effect to the whole statute, which includes each word and phrase, if possible. Seals v. State, 187 S.W.3d 417, on remand 2006 WL 745757.

Statutes Key 212.7, Tex. Crim. App. 2006. The seminal rule of statutory construction is to presume that the legislature meant what it said; in adhering to this rule, courts show their respect for the legislature and recognize that if it enacted into law something different from what it intended, it would amend the statute to conform to its intent. State v. Vasilas.

Statutes Key 181(1). Primary goal of statutory construction is to ascertain the intent of the legislature and to effect that intent.

Statutes Keys 181(2), 184, 217.4, 223.2(5). When construing a statute, a court may look at the object sought to be obtained, the legislative history, the consequences of a particular construction, as well as other laws on the same subject.

Statutes Key 212.6. Cardinal rule of statutory construction is that every word used must be presumed to have been used for a purpose.

Statutes Key 223.1. General rule is that a statute will be construed so that it harmonizes with other existing law, unless the statute clearly contains a contrary intention.

Statutes Key 263. Tex. 2006. Statutes are only applied retroactively if the statutory language indicates that the legislature intended that the statute be retroactive. V.T.C.A., Government Code § 311.022. In re M.C.C., 187 S.W.3d 383.

Constitutional Law Key 52. The judicial power to administer the court and decide cases is necessarily subject to the legislative power to make laws. Vernon's Ann. Texas Const. Art. 2, § 1.

Criminal Law Key. 1038.1(2) "Egregious error" in a charging instrument is error so harmful that the record supports a finding that one was denied a fair and impartial trial.

In this point of review the indictment for felony D.W.I. was void, unsupported by the statute under which the defendant was prosecuted. The trial court abused its discretion by not quashing the felony indictment, citing Montgomery v. State, 810 S.W. 2d 372, 380 (Tex. Crim. App. 1990) whether the court abused its discretion depends upon whether the court acted without reference to any guiding rules or principles. The statute supports the use of a lesser-included offense not a felony for jurisdictional purposes, which renders the indictment void, citing Woods v. State, 398 S.W. 3d 396 (6th Court of Appeals Texarkana), Rhoten, 229 S.W. 3d at 356 (citing Asberry v. State, 813 S.W. 2d 526, 531 (Tex. App. - Dallas 1991, pet. ref'd)) "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have duty to do so." In the requirement of proof of the necessary jurisdictional offenses of the statute, the Appellant cites Reyes v. State, 394 S.W. 3d 809 (Tex. App. - Amarillo 2013); Calton v. State, 176 S.W. 3d 231, 236 (Tex. Crim. App. 2005) (discussing similar requirements with regard to evading arrest offense); see Zimmer, 989 S.W. 2d (applying Jackson v. Virginia standard to proof of prior convictions). Misdemeanor D.W.I. is a lesser-included offense of felony D.W.I. Tex. Code Crim. Proc. Art. 37.09 (West 2012); Tex. Penal Code Ann. § 49.04 (West 2012); Mosqueda v. State, 936 S.W. 2d 714, 717 (Tex. App. - Fort Worth 1996, no pet.). When evidence is sufficient to prove a lesser-included offense but not the alleged felony offense, we may modify the trial court's judgment to show a conviction for the lesser-included offense. Bigley v. State, 865 S.W. 2d 26, 27-28 (Tex. Crim. App. 1993) and Bowen v. State, 374 S.W. 427, 432 (Tex. Crim. App. 2012), also see Woods v. State, 398 S.W. 3d 396 (Tex. App. - Texarkana 2013) on adequately describing a particular offense for which the defendant is to be tried. Reyes v. State, 394 S.W. 3d 809 (Tex. App. - Amarillo 2013) insufficient evidence to

support defendant's felony O.W.I. conviction; Criminal Law Key 990.1 - While a judgment is merely voidable for irregularity, it is void for illegality, "illegal act" are acts that are not authorized by law, while "irregular acts" are acts or practices that vary from the normal conduct of an action. The trial judge's action was not authorized by law and was, therfore void. Cf. State ex rel. Eidson v. Edwards, 793 S.W. 2d 1,5 (Tex. Crim. App. 1990); State ex rel Vance v. Clawson, 465 S.W. 2d 164, 168 (Tex. Crim. App. 1971); Ex Parte Seidel 39 S.W. 3d 221 (Tex. Crim. App. 2001). For example, this Court has long held that a sentence is void when the punishment is unauthorized. See Ex parte Beck, 922 S.W. 2d 181, 182 (Tex. Crim. App. 1996); Ex parte McIver, 586 S.W. 2d 851, 854 (Tex. Crim. App. 1979). A punishment exceeding the statutory maximum is not outside the jurisdictional parameters of a trial court. Nevertheless, such a punishment renders the judgment void because it is illegal, i.e., unauthorized by law. The maxim expressio unius est exclusio alterius is often employed in the construction of statutes. In general, it means that a statute's inclusion of a specific limitation excludes all other limitations of that type, quoting Guin v. State, 696 S.W. 2d 436 (Tex. App. 1985). Citing Ramos v. State, 303 S.W. 3d 302 (Tex. Crim. App. 2009) Statutory construction is a question of law, and appellate review is de novo. When construing a statutory provision, a court's constitutional obligation is to attempt to discern the fair, objective meaning of that provision at that time of its enactment. When attempting to discern that fair, objective meaning, the court may consult dictionaries. When a court construes a statute that has been amended, it must construe it as if it had been originally enacted in its amended form. The court must take the amended statute as it reads today, mindful that the legislature, by amending the statute, may have altered or clarified the meaning of earlier provisions. If a court concludes that the meaning of a statutory provision in question is plain, then it gives effect to that plain meaning, as long as it does not lead to an absurd result. Statutory terms not legislatively defined are generally construed in their technical sense.

Here, the statute is plain. The interpretation is strained and far reaching to achieve the trial court's intent. Quoting from Black's Law Dictionary- Fair Warning. (1931) Crim. Law. The requirement that a criminal statute define an offense with enough precision so that a reasonable person can know what conduct is prohibited and so that a reasonably skilled lawyer can predict what conduct falls within the state's scope. - Also termed fair notice. [Cases: Crim. Law Key 13.1].

3. Void Sentence - the court of Appeals' decision conflicts with another court of appeals' decision on the same issue; the First Court Of Appeals has decided an important question of state and federal law that should be settled by the Court Of Criminal Appeals; the First Court Of Appeals has decided an important question of state and federal law in a way that conflicts with the applicable decisions of the Court Of Criminal Appeals and the Supreme Court of the United States; the First Court Of Appeals Appears to have misconstrued a statute, rule, regulation, or ordinance in its decision; and has departed from the guiding principles of law and precedent. This sentence exceeds the statutory maximum of a lesser-included misdemeanor, even further a third degree felony. The penal code specifies the procedure that the State must follow to enhance a sentence. Appellant cites the following as support for a sentence not authorized by statute, adhering to rules of the reading of a statute as discussed in the Void Indictment and Ex parte Walker, 599 S.W. 2d 332 (Tex Crim App. 1980); Ex parte Reed, 610 S.W. 2d 495 (Tex. Crim. App. 1981); Ex parte Hunter, 616 S.W. 2d 626 (Tex. Crim. App. 1981); Bogany v. State, 661 S.W. 2d 957 (Tex. Crim. App. 1983); Ex parte Spaulding, 687 S.W. 2d 741 (Tex. Crim. App. 1985); Ex parte Johnson, 697 S.W 2d 605 (Tex. Crim. App. 1985); Berry v. Hughes, 710 S.W. 2d 600 (Tex. Crim. App. 1986) and Texas Code of Criminal Procedure Art. 37.10 (b); Ex parte Johnson, 698 S.W. 2d 671 (Tex. Crim. App. 1985); Ex parte Rivers, 559 S.W. 2d 144 (Tex. Crim. App. 1979); Burney v. State,

614 S.W. 2d 834 (Tex. Crim. App. 1981); Ex parte White, 659 S.W. 2d 434 (Tex. Crim. App. 1983); Ex parte Adams, 701 S.W. 2d 257 (Tex. Crim. App. 1985); French v. Estelle, 692 F. 2d 1021 (5th Cir. 1982) the State must follow enhancement procedures in order to enhance a sentence. Quoting Carter v. State, 196 S.W. 3d 406 (Tex. App. - Beaumont 2006) Crim. Law Key 1042. - Without having objected to the indictment, a convicted defendant may raise, for the first time on appeal, the argument that his punishment is outside the statutory range for the crime for which he is convicted.; Sentence and Punishment Key 34. - A Sentence cannot exceed the maxim statutory penalty, and if it does so, the sentence is void. Appellant was charged with felony D.W.I., in contravention of the wording of the statute as argued in Void Indictment. Sentenced under Sec. 49.09 of the Penal Code, and in violation of Sec. 49.09 (d) and (g) using Subchapter D, Chapter 12, specifically punishing the Appellant as a habitual offender to thirty (30) years T.D.C.J, on a third degree felony. Citing Crim. Law Key 1042. Tex. App. Houston [1st Dist.] 2005. - A sentence that is not within the statutory punishment range for an offense is void, and thus no objection is required to preserve error on appeal. Seeker v. State, 186 S.W. 3d 36, petition for discretionary review refused. Interpreting clear, unambiguous statutes and ascertaining the legislative intent is discussed previously in the Void Indictment. Quoting Mapes v. State, 187 S.W. 3d 655 (Tex. App. - Houston [14th Dist.] 2006 - When a trial court assesses punishment it "must always be within the minimum and maximum fixed by law. Because punishment enhancements a inapplicable in the context of enhanced driving while intoxicated (DWI) offenses, pleas and findings regarding punishment enhancements are V.T.C.A., Penal Code §§ 12.42, 12.43, 49.09. - Id. Punishment enhancements under Sections 12.42 and 12.43 do not apply in the felony DWI context, citing Martin v. State, 84 S.W. 3d 267, 268-69 (Tex. App. Beaumont 2002, pet. ref'd); Gibson, 995 S.W. 2d at 696; see also Weaver v. State, 87 S.W. 3d 557, 560 (Tex. Crim. App. 2002); Barfield, 63 S.W. 3d at 448. General

enhancement statutes applying to other types of misdemeanors and felony offenses do not apply to cases of drunk driving, because the legislatures' placement within the OWI statute itself a special enhancement provision applicable only to persons convicted of driving while intoxicated, thereby excluding other general enhancement schemes. Courts must give effect to the plain meaning of a statute's literal text unless such a reading would lead to absurd, unintended consequences or the plain language is ambiguous. Texas Penal Code Ann. § 12.41 (1) provides that any conviction not obtained under this code shall be classified as a felony of the third degree if imprisonment in the Texas Dept. Of Cri. Justice or another penetentiary is affixed to the offense as possible punishment. Trial courts' ruling did not fall within the plain language of the statute. (Absurd or unintended consequences) quoting State v. Stewart Le Richardson, 383 S.W. 3d 544 (Tex. Crim. App. 2012). Citing Ex Parte Serrato, 374 S.W. 3d 636 (Tex. App. Ft. Worth 2012) Texas Penal Code Ann. § 49.09 (g) (2011) prohibits a conviction from being used for enhancement purposes under § 49.09 (jurisdictional element) and also for punishment enhancement purposes. § 49.09 (g). Even further, State v. Cooley, 401 S.W. 3d 748 (Tex. App. [14 Dist.] - Houston 2013) states - A court reviewing a statute should presume that the legislature intended the entire statute to be effective. Tex. Gov't Code Ann. § 311.021 (West 2013); see also State v. Muller, 829 S.W. 2d 805, 810 (Tex. Crim. App. 1992). Because section 49.09 is specific to the DWI context, we hold that section 49.09 (A) prevails, see Tex. Gov't Code Ann. § 311.026 (b) (West 2013). In Guinn, this Court answered the question that the Court of Criminal Appeals did not reach in Morgan, holding that the "special enhancement provision in the DWI law (now section 49.09) excludes all other enhancement schemes, such as the general enhancement provision [for felonies in section 12.42]." Guinn, 696 S.W. 2d at 438; see also Mapes, 187 S.W. 3d at 659-60. Because the general enhancement provision for misdemeanors in section 12.43 was not applied in this case, the Guinn holding is not dispositive here, though its analysis is instructive. In Ex parte Reinke, 370 S.W. 387 (Tex. Crim. App. 2012) noted that

Nothing in the wording of the statute allowed for increases in the change of the level of the offense, the primary offense, the sentencing range is within the punishment range of the level of the offense for which the defendant is tried. The Court of Appeals rejected an argument contrary to the statute's plain language, which would have lead to absud and unintended consequences. The Court of Appeals noted the well-established principle that prior offenses alleged to enhance are not retried, Crim. Law and Procedure, Sentencing, Prior Felonies, Imposition, Apprendi Rule'. The legislature clearly knows the difference between enhancing the level of an offense and enhancing the level of punishment. Compare the language in §49.09 A felony of the third degree and § 12.42 which is excluded by the statue for use with §49.09. In Reinke, the Court states, "We hold that, for the purpose of competence to be tried, unless the legislature explicitly states that an enhancement increases not only the punishment range" but also the level of the charged offense, the level of the offense alleged in the indictment is not altered by the allegation of prior offenses as enhancements. The state's position requires an assumption that all enhancement allegations will always be found true. But if a fact finder finds one or more enhancement allegations not true, the "maximum term" might change. E.g., if the state alleges a third-degree felony and pleads two enhancements, the "maximum term" could be ten, twenty, or 99 years. This is an undesirable even absurd, interpretation of the language that the state concedes is not ambiguous.

4. Pre-trial Habeas Corpus - Appellant filed a pro se pre-trial habeas corpus on April 25, 2012. Before the filing, the defendant filed numerous motions to quash and plea to the jurisdiction. His motion to quash challenged the trial court's use of 1985 misdemeanor conviction as stated and argued here under the Void Indictment, as his plea to the jurisdiction to try this case in felony court as a

third degree felony pursuant to Penal Code Sec. 49.09(4) as well as punishment under Sec. 12.42, as habitual offender, the challenge is to jurisdiction as well. The First Court Of Appeals has ruled that this question was waived on page 13, III. Waiver. The court of appeals' decision conflicts with another court of appeals' decision, has decided an important question of state or federal law that should be settled by the Court of Criminal Appeals, has decided an important question of state and federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States, appears to have misconstrued the statute and have so far sanctioned the departure of the lower court in the departure from the accepted and usual course of judicial proceedings, as to call for an exercise of the Court Criminal Appeals' power of supervision. After the filing with clerk, Appellant requested his Attorney Mark Lipkin seek a hearing date on the pre-trial habeas corpus. Please see Appellant's Brief #2 Pretrial Habeas Corpus and Exhibit 25, 10 pages. Appellant's pretrial Habeas Corpus that was placed in the hands of his attorney is missing from the clerk's record and said clerk has so far refused to supplement. Appellant's pro se habeas corpus is not lightly construed by the court. Please see page 205 of clerk's records, agreed setting Cause No. 1350599 Writ of Hab. Corp. and bottom right hand corner, on July 30, 2012. Next court date and reset form, the habeas corpus was not on record October 15, 2012. Appellant filed a written request for findings of fact and conclusions of law, and motion to transcribe. Habeas Corpus is the remedy to correct the illegal restriction of a person's liberty, a way to challenge the legality and is an extremely old judicial device challenging grave miscarriages of justice and fundamental constitutional violations. Its purpose is to obtain a speedy adjudication of a person's right to liberation from an illegal detention or imprisonment, and it is one of the most historic forms of civil rights protection. The founders of the

United States incorporated the principle of habeas corpus into American Justice. Art. 1, Sec. 9 of the Constitution of the United States Of America, assures that the privilege of the writ of habeas corpus shall not be suspended, except when in cases of rebellion or Invasion, public safety requires. Use of the writ by federal courts was authorized by the Judicial Act of 1789. Writing for the Supreme Court in the early 1800s, Chief Justice Marshall praised the power of the great writ of habeas corpus, Ex parte Bollman, 4 Cranch 75, 8 U.S. 75, 2 L. Ed. 554 (1807). The State Of Texas also included the traditional right of habeas corpus in its Constitution, Art. I, Sec. 12 providing for hab. corpus states: " The writ of habeas corpus is a writ of right, and shall never be suspended, The Legislature shall enact laws to render the remedy and effectual. Quoting the followings as ground for relief:

Statutes Key 75. - Only the legislature has the right under the State Constitution to suspend statutory laws. Vernon's Ann. Texas Const. Art. 1, §28. Deleon v. District Clerk, 187 S.W. 3d 473 (Tex. Crim. App. 2006).

Criminal Law key 1030. Tex. App. - Beaumont 2006. An appellant may perfect an issue at trial by a motion raising the issue at trial, an objection, or by timely request for appellate review. Rules App. Proc., Rule 33.1(A). - Amador v. State, 187 S.W. 3d 543

Texas Rules Of Appellate Procedure. Rule 33.1 (A)(2)(B) - please read Court Reporter's Transcripts page 4, Volume I lines 1 to 12, on the first day of jury selection, counsel failed to object, which would have been futile.

Tex. Com. App. 1935. - Habeas Corpus proceeding is independent of offense charged (Vernon's Ann. C.C.P. Arts. 1026, 1083-1085). McCormick v. Shepard, 86 S.W. 2d 213, 126 Tex. 25.

U.S. Tex. 1950. - Only issue before court in habeas corpus proceeding is jurisdiction. Whelchel v. McDonald, 71 S. Ct. 146, 340 U.S. 122, 95 L. Ed. 141, rehearing denied 71 S. Ct. 356, 340 U.S. 923, 95 L. Ed. 666.

Tex. Crim. App. In habeas corpus proceeding, court's duty is to

determine only whether relator's restraint and imprisonment is illegal. Ex parte Johnson, 311 S.W.2d 861, 166. Tex. Crim. 108.

Tex. Crim. App. 1983. – Writ of habeas corpus is to serious and important a matter to be lightly and easily abused. Ex parte Emmons, 660 S.W.2d 106.

C.A.5 (Tex.) 1983. – An absence of jurisdiction in convicting court is basis for federal habeas corpus relief cognizable under due process clause. U.S.C.A. Const. Amends. 5, 14. Lowery v. Estelle, 696 F.2d 333.

Tex. Crim. App. 1991. – "Writ of habeas corpus" is order from judge commanding party who is alleged to be restraining applicant in some way to appear before court with objective alleged restraint of explained reasons for restraint. Vernon's Ann. Tex. C.C.P. Art. 11.01. Ex parte Hargett, 819 S.W.2d 866, on remand 827 S.W.2d 606, pet. for discretionary review refused.

Tex. Crim. App. 1994. – Because of the unique nature of the remedy, habeas corpus relief is underscored by elements of fairness and equity. Ex parte Drake, 883 S.W.2d 213.

Tex. Crim. App. 2001. – The writ of habeas corpus is an extraordinary writ. Vernon's Ann Tex. C.C.P. Art. 11.01. Ex parte Weise, 55 S.W.3d 617.

Tex. Crim. App. 2002. – A writ of habeas corpus is available only for relief from jurisdictional defects and violations of constitutional rights. Ex parte McCain, 67 S.W.3d 204. Claims that the trial court never had personal jurisdiction over the defendant or subject matter jurisdiction over the offense raise jurisdictional defects and are so cognizable on a writ of habeas corpus.

Tex. Crim. App. 2004. – A habeas corpus proceeding is considered to be separate from the criminal prosecution. Ex parte Rieck, 144 S.W.3d 510.

Tex. Crim. App. 2006. – One rationale for finding a judicial act to be void, and therefore possibly cognizable on habeas, would be lack of jurisdiction. Ex parte Richardson, 201 S.W.3d 712.

In support of Appellant's assertion the courts should be open, an applicant has a constitutional right of access to courts as well as

A statutory right to file a habeas corpus with the clerk, to be heard by the court and a sufficient record to be presented to the Appellant Court for review.

5. Jury Charge - the charges submitted to the jury at the guilt/ innocence and punishment phases of the trial deprived the Appellant of a fair trial. The First Court Of Appeals has in its judgment decided its opinion in conflict with another court of appeals' decision on the same issue; has decided an important question of state or federal that has not been, but should be, settled by the Court of Criminal Appeals; has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court Of Criminal Appeals or the Supreme Court of the United States; appears to have misconstrued a statute, rule, regulation or ordinance; and has so far sanctioned the departure of a lower court from the accepted and usual course of judicial proceedings by its opinion.

Tex. Code Crim. Pro. Ann. Art. 36.14 - Before closing arguments, the trial court must, stated in part "deliver to the jury.... A written charge distinctly setting forth the law applicable to the case...."

The hypothetically correct jury charge sets out the law as well as describes the applicable statute in describing the offense to be tried and punishment for the offense. Penal Code § 49.09, the jury was improperly charged and recieved deficient jury instructions. Sentencing instructions were incorrect, led jury to believe it was prohibited from sentencing for a lesser-included offense or third degree felony, a substantial injurious affect. The jury charge amounted to such a denial of rights, it was reasonably calculated and worded to achieve and deny rendition of a verdict based on the applicable statutes, the jury was mis-informed on the charging statute concerning jurisdiction and punishment enhancements. Appellant requested counsel to object, he did not seem to want to be assertive, please read trial transcripts, Appellant Brief and attached exhibits.

In support objections and failure to object in the preservation of errors Appellant's numerous motions to quash, jurisdiction, to dismiss counsel, pretrial habeas corpus, findings of fact and conclusions of law, to transcribe, motion for new trial and arrest of judgement and others, Appellant quotes Black v. State, 816 S.W. 2d 350 (Tex. Crim. App. 1991) the con-opinion suggested Parker should be overruled to the extent that making the objection at trial would have been "futile," or if the right failed to have been asserted at trial, was so novel counsel could not have known about it at trial. Any counsel should be reasonably competent and familiar with standards of jurisprudence. Questions and statement in the charges that mis-state the law are improper.

To the point of the decision conflicts with another court of Appeals; question of state or federal law that should be settled by the Court of Criminal Appeals; is in conflict with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States and has sanctioned the departure by a lower court from the accepted and usual course of judicial proceedings; Appellant quotes Apprendi v. New Jersey, 120 S. Ct. 2348 (2000); At stake in this case are constitutional protections of surpassing importance: the proscription of any deprivation of liberty without "due process of law," Amend. 14, and the guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury," Amend. 6. The fact that "due process of law" that the 14 Amend. requires the States to provide persons accused of crime encompasses the right to a trial by jury, Duncan v. Louisiana, 391 U.S. 145, 88 S. Ct. 1444, 25 L. Ed. 2d 491 (1968), and the right to have every element of the offense proved beyond a reasonable doubt In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368. Taken together, these rights indisputably entitle a criminal defendant to "a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." United States v. Gaudin, 515 U.S. 506, 510, 115 S. Ct. 2310, 132 L. Ed. 2d 444 (1995); see also Sullivan v.

Loisiana, 508 U.S. 275, 278, 113 S.Ct. 2078, 124 L.Ed. 2d 182 (1993); Winship, 397 U.S., At 364, 90 S.Ct. 1068 ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime which he is charged").

As any possible distinctions between "elements" of a felony offense and a "sentencing factor," As a general rule criminal proceedings were submitted to a jury After being initiated by an indictment containing "All the facts and circumstances which constitute the offense.... stated with such certainty and precision, that the defendant.... May be enabled to determine the species of offence they constitute, in order that he may prepare his defence accordingly.... And that there May be no doubt As to the judgment which should be given if the defendant be convicted." J. Archibold, Pleading And Evidence in Criminal Cases 44 (15th ed. 1862).

The defendant's ability to predict with certainty the judgment from the face of the felony indictment flowed from the invariable linkage of punishment with crime. See 4 Blackstone 479, 369-370 (after verdict and barring a defect in the indictment, pardon or benefit of clergy), "the court must pronounce that judgment, which the law hath annexed to the crime" (emphasis added).

One need only look to the kind, degree, or range of punishment to which the prosecution is by law entitled for a given set of facts. Each fact necessary for that entitlement is an element.

Cases from the founding to roughly the end of the Civil War establish the rule that I have described, applying it to all sorts of facts, including recidivism. "When the law prescribes phases of the same crime, there is good reason for requiring the indictment to specify which of the phases the prisoner is charged with. The record ough show that the defendant is convicted of the offense for which he is sentenced."

6. Speedy Trial- The First Court Of Appeals has decided an important question of state and federal law in a way that conflicts with the applicable

decisions of the Court Of Criminal Appeals or the Supreme Court of the United States. Appellant's Pro Se Brief, Issue Presented #6, pages 13 to 17 raises the courts' attention to his right of speedy trial as provided by the Texas and United States Constitutions. The court has assumed that Appellant waived this right. Please Review the cases cited and the exhibits attached to Appellants' Brief. His first motion for speedy trial was denied, and as stated earlier the trial judge refused to rule on other motions. However Appellant never abandoned his speedy trial right, see motions and the clerk's record. A review of the clerk's record will show the resets agreed on by counsel ; the Appellant was not in the courtroom, and when the forms were presented to Appellant in the holdover, "under protest" was printed before the form was signed. Indicating disagreement with counsel and the reset.

7. Trial Records. — Appellant's Issue Presented #11 in his Appellant's Brief. The First Court Of Appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court Of Criminal Appeals.

Appeal and Error Key 1165. — If an appellant exercises due diligence and through no fault of its own is unable to obtain a proper record of the evidence introduced, a new trial may be required where the right to have the case reviewed on appeal can be preserved in no other way.

Appeal and Error 1177(9). — Generally, when a trial court conducts a hearing and an appellant exercising due diligence is unable to obtain a proper record of the evidence introduced through no fault of his own, a new trial is required if the appellant's right to appellate review cannot be preserved any other way.

Appellant filed numerous request for records, please review the clerk's record, court reporter's transcript, and order of the First Court of Appeals to supplement.

The record in this appeal will show that the Appellant has so far diligently sought a complete record for review, and all requests, motions and mandamus to compel supplementation have gone unanswered, and the order of the court is ignored.

Citing: Texas Criminal Procedure and Rules, West's 2014 Ed., Texas Statutes And Codes - Rules Of Appellate Procedure, Appendix E, pages 738 - 740. In The Court Of Criminal Appeals Of Texas, Order Directing The Form Of The Appellate Record In Criminal Cases: to wit; the records in this appeal are not in the specified form of Clerks Record and Reporter's Record.

8. Ineffective Assistance Of Counsel. Appellant's Issue Presented in his Appellant Brief #20, page 88 to 107 the actions and prejudices which caused harm and here the Appellant has shown that his right to counsel was denied. Numerous cases from the state and all over the federal judiciary were cited, and statements to counsel's actions on the pages and lines of the transcripts, record and exhibits attached to Appellant's Brief. The First Court Of Appeals has decided this important question of state and federal law in a way that conflicts with the applicable decisions of the Court Of Criminal Appeals and the Supreme Court of the United States. The court has said that the trial judge granted Appellant's first motion to dismiss counsel filed on 12-14-2011, which is missing from the clerk's record. However the Appellant signed counselor Burton's motion to withdraw. Hearing records on motions to withdraw by Lipkin and Burton has so far been refused to supplement after order of the First Court Of Appeals. Appellant filed numerous motions to dismiss both counsel for their refusals to act, their actions that he did not consider to be in his best interest and their deficiencies which caused prejudice and harm, please review his brief, motions and attached exhibits from trial. Deficient performance and prejudice has been shown,

unreasonable, or constituted "negligent omission,"; Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 and Wood v. Allen, 130 S. Ct. 841 (2010).

When the right to trial counsel has been violated, prejudice is presumed because the trial has been rendered inherently unfair and unreliable. Satterwhite v. Texas, 486 U.S. 249, 256, 108 S. Ct. 1792, 100 L. Ed. 2d. 284 (1988); Cronic, 466 U.S. at 659-61, 104 S. Ct. 2039.

Crim. Law Key 1710. – The assistance of counsel protects a defendants right to a fair trial, counsel ensures that the prosecutions case is subjected to meaningful adversarial testing, and safeguards the defendant's rights. U.S.C.A. Const. Amend. 6.

Wright v. Van Patten, 128 S. Ct. 743, 169 L. Ed. 2d 583 (U.S. 2008) – (U.S. v. Cronic, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984)) rather than Strickland v. Washington test for ineffective assistance of counsel.

Crim. Law Key 1920. – Strickland v. Washington test ordinarily applies to claims of ineffective assistance of counsel at the plea hearing stage, requiring a defendant who asserts ineffective assistance of counsel to demonstrate not only that his attorney's performance was deficient, but also that the deficiency prejudiced the defense. U.S.C.A. Const. Amend. 6.

Crim. Law Key 1885. – Sixth Amendment violation may be found without inquiring into defense counsel's actual performance or requiring the defendant to show the effect it had on the trial when circumstances exist that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified. U.S.C.A. Const. Amend. 6.

Crim. Law Key 1871. – United States v. Cronic test for ineffective assistance, that Sixth Amendment violation may be found without inquiring into defense counsel's actual performance or requiring the defendant to show the effect it had on the trial when circumstances exist that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified, applies when there is a breakdown in the adversarial

process, such that counsel entirely fails to subject the prosecutions case to meaningful adversarial testing. U.S.C.A. Const. Amend. 6.

Please read Appellant's notes to counsel during trial, attached as exhibits to Appellate brief.

On page 4 to 5 Volume I, counsel is an advocate for a plea offer of a felony plea in violation of Sec. 49.09(d) through use of a prior conviction not authorized for use under this state of the Penal Code, and for a sentence of 25 yrs. to 99 yrs. not authorized by Sec. 49.09(g) of this code, please read the transcript, on the voir dire.

On page 157 to 158 Volume II, statement on incorrect sentencing range by defense counsel, guilt/innocence phase.

On page 25 of Volume 3, punishment, improper argument.

## Prayer For Relief

Wherefore, Premises Considered, Appellant O. D. Van Duren Pro Se, prays this Honorable Court Of Criminal Appeals reverse the judgment of the lower court and direct the case to be reversed and sent back to Harris County 174th District Court on a violation of waiver of counsel, void indictment, void sentence, violation of habeas corpus rights, violation of speedy trial right, violation of right of Appellate review in the denial of trial records, due process jury charge violation, and ineffective assistance of counsel, And direct the trial court to grant the testing and certification of the evidence to try the Appellant on a lesser-included misdemeanor. Appellant further prays the Court make any orders it deems proper in the fair administration of justice.

Respectfully,

Q. W. Van Duren

"I declare under penalty of perjury that the foregoing is true and correct."
Executed on April 9, 2015.

O. D. Van Duren

O. D. Van Duren
Pro Se

## Certificate Of Service

I certify that a true and correct copy of the foregoing Petition For Discretionary Review has been forwarded by U.S. Mail, addressed to:

Clerk
Supreme Court Bldg.
201 W. 14th St., Rm. 106
P.O. Box 12308
Austin, Tx. 78711-2308
On the 9th day of ~~March~~ April, 2015.

O. D. Van Duren

O. D. Van Duren
1834715
Ramsey
1100 F.M. 655
Rosharon, Tx. 77583-7670

O.D. VanDuren
1834715
Ramsey
1100 F.M. 655
Rosharon, Tx. 77583-7670

78711‡2308

Abel Acosta
Clerk
Supreme Court Bldg.
201 W. 14th St., Rm. 106
P.O. Box 12308
Austin, Texas 78711-2308

